Shawn A. Womack, Justice, concurring. I concur with the majority opinion to the extent that it affirms the trial court’s denial of Lane’s motion to suppress and motion in limine. I write separately to express my opinion that Lane’s status as a parolee obviated the constitutional knock-and-announce requirement. The United States Supreme Court has held that the requirement of authorities to knock and announce their presence “forms a part of the Fourth Amendment reasonableness inquiry,” Wilson v. Arkansas, 514 U.S. 927, 930, 115 S.Ct. 1914, 131 L.Ed.2d 976 (1995). In reaching this conclusion, the Court pointed to a long history of the requirement at common law. Id. at 931-36, 115 S.Ct. 1914. As it is only one component of a reasonableness standard, the Court has identified several circumstances in which the requirement is waived. This non-exhaustive list includes instances where the officer has a reasonable fear that evidence would be destroyed given advance notice, when a search is conducted following the pursuit of a fleeing prisoner, and when the searching officers face the threat of .imminent physical violence. Id. at 936, 115 S.Ct. 1914. Police are only required to demonstrate a reasonable suspicion that one of these safe harbors is operative, and “[t]his showing is not high.” Hudson v. Michigan, 547 U.S. 586, 590, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006). hJBoth this court and the United States Supreme Court, however, have held that parolees and probationers enjoy a sharply diminished degree of Fourth Amendment protection as a consequence of their status. Supervision of individuals in these categories is a “ ‘special need’ of the state, permitting a degree of impingement upon privacy that would not be constitutional if applied to the public at large.” Cherry v. State, 302 Ark. 462, 467, 791 S.W.2d 354, 356 (1990) (quoting Griffin v. Wisconsin, 483 U.S. 868, 875, 107 S.Ct. 3164, 97 L.Ed.2d 709 (1987)). Further, a parolee has “a diminished expectation of privacy” because he or she is legally “still in custody of the penal institution” from which he or she was released. Id. at 467, 791 S.W.2d at 357. This is stated plainly in our statutes, which identify parolees as “inmates.” See Ark. Code Ann. § 16—93—701(b)(3) (Supp. 2015). Because of parolees’ limited rights, courts have upheld searches conducted pursuant to .relatively invasive terms of parole. The Supreme Court held, for instance, that suspicionless searches of a parolee’s person did not violate the Fourth Amendment’s search and seizure protections. Samson v. California, 547 U.S. 843, 857, 126 S.Ct. 2193, 165 L.Ed.2d 250 (2006). In Samson, the Court held that the California law setting out terms of parole authorizing searches at any time, with or without probable cause, was constitutionally permissible. Id. at 848, 126 S.Ct. 2193. This court has also upheld warrantless searches of parolees due to their diminished privacy rights. Cherry, 302 Ark. at 467, 791 S.W.2d at 357. Once we determine that consent to the terms of parole is valid, we ask only if there were “reasonable grounds to investigate whether the appellant had violated the terms of his parole” and whether the search was conducted by a parole officer. Id. at 468, 791 S.W.2d at 357. liaAs the majority notes, it is an issue of first impression for this court whether parolees are entitled to a knock-and-announce warning prior to a search executed pursuant to their terms of parole. I would hold that parolees’ status as legal inmates under Arkansas law relieves parole officers of the obligation to knock and announce then.’ presence prior to a search of a parolee who has consented as a term of parole. As the Sixth Circuit has explained, it is useful to think of a continuum of privacy under the Fourth Amendment. At one end, free citizens enjoy maximum protection; at the other, incarcerated individuals enjoy very little. See United States v. Smith, 526 F.3d 306, 308-09 (6th Cir. 2008). The Supreme Court held in Hudson v. Palmer, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984), for example, that inmates have no reasonable expectation of privacy in their cells. Id. at 525-26, 104 S.Ct. 3194. It is not necessary to hold that parolees are identical to incarcerated inmates in all respects relevant to the United States and Arkansas Constitutions to conclude that a parolee’s consent to search authorizes not only warrantless search, but also search without a knock-and-announce warning. Since Lane does not dispute that he signed the “Conditions of Release” document voluntarily, and because Nading acted on reasonable grounds that Lane was violating the terms of his parole, I would find no defect in Nading’s search without a knock- and-announce warning. The majority concludes that the knock- and-announce requirement does apply to searches of parolees, citing a number of cases in which a variety of courts have rejected “blanket exclusions” to the knock- and-announce requirement. The only United States Supreme Court case cited for this proposition—Richards v. Wisconsin, 520 U.S. 385, 117 S.Ct. 1416, 137 L.Ed.2d 615 (1997)—rejected a state exception to the requirement in felony drug cases; most of the other federal [Ucireuit and district cases cited discuss similar exceptions to the requirement in searches related to substantive areas of law. The Seventh Circuit’s decision in Green v. Butler, 420 F.3d 689 (7th Cir. 2005), reaches a conclusion in line with the majority’s on parolees, but it is, of course, only persuasive authority for this court’s constitutional interpretation. I am persuaded that the Supreme Court’s holding in Richards is not controlling here, where our question is about the constitutional protections enjoyed by parolees. As explained above, Arkansas law makes clear that parolees are legal inmates, a category with minimal Fourth Amendment protection. For the reasons set out above, I would also affirm the trial court’s decision to dismiss both of Lane’s motions. Because I do not believe the knock-and-announce requirement applies to parolees, however, I would not engage in the majority’s analysis of the exclusionary rule’s application. Kemp, C.J., and Baker, J., join.